UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Roy Girouard,

       Petitioner,

    v.                                       Civil Action No. 1:10-cv-200

State of Vermont,

       Respondent.

## REPORT AND RECOMMENDATION
(Doc. 1)

Roy Girouard, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Girouard was convicted of first degree murder in 1975, and sentenced to life in prison with the possibility of parole. His § 2254 petition claims that the State is refusing to release him on furlough, and that without a successful period of furlough he is unlikely to ever be granted parole.

Respondent has moved to dismiss the petition, arguing that Girouard has not exhausted his state court remedies. For the reasons set forth below, I recommend that Girouard's petition be DENIED, and that his case be DISMISSED without prejudice.

### Factual and Procedural Background

On January 22, 1976, Girouard was sentenced to life in prison with the possibility of parole. He did not receive a minimum sentence. He has since appeared before the Parole Board, but has always been denied.

In 2007, he successfully completed the Department of Corrections' ("DOC") Cognitive Self-Change ("CSC") program, and began to talk with his caseworker about approval for a furlough release into the community. The DOC informed him that without a minimum sentence, he was ineligible for furlough. Indeed, in 2001 the Vermont Legislature amended the state's furlough statute to require that an inmate complete his minimum term before he is considered eligible for furlough. 28 V.S.A. § 808(6).

Girouard subsequently brought a state court challenge to the § 808(6) amendment. He argued that prior to 2001 he could have been declared eligible for furlough, and that without a successful furlough, he was unlikely to be granted parole. He therefore claimed that because of the amendment, his sentence had effectively been changed to life in prison *without* parole, thus violating the Ex Post Facto Clause.

The state superior court concluded that the 2001 amendment did not alter his sentence, and therefore did not violate the Ex Post Facto Clause. The Vermont Supreme Court disagreed, holding that "[i]f plaintiff can prove the link between furlough and parole . . . he will have established an Ex Post Facto Clause violation," and remanded the case to the superior court for further findings. *Girouard v. Hofmann*, 186 Vt. 153, 159, 981 A.2d 419, 423-24(2009). On remand, the superior court found that:

> [b]ased on the record developed at the court trial, Mr. Girouard has established that his inability to obtain furlough release because he does not have a minimum sentence creates a significant risk of lengthening his period of incarceration. Therefore his Rule 75 petition for post-conviction relief is *granted*. DOC is hereby ordered to evaluate Mr. Girouard for furlough under the pre-2001 version of the statute.

(Doc. 4-2 at 5.).

Instead of immediately evaluating Girouard for furlough under the pre-2001 statute, the DOC instead required that he complete "*at least* eight (8) months more of the Phase I CSC." (Doc. 1 at 3.)  This action by the DOC is the focus of Girouard's current petition.  Specifically, he claims that the DOC is using additional programming as "an excuse to deny Petitioner [] community release." (*Id.*)  He claims that prior to his state court litigation he was declared eligible for release, and that Respondent's current conduct is strictly retaliatory.

In an apparently unrelated claim, Girouard also submits that the DOC requires inmates to "lie" in order to remain in the CSC program.  He alleges that the program requires inmates to speak about their crimes in a manner consistent with law enforcement affidavits underlying their respective arrests, and that these affidavits might not be entirely accurate.  "Failure to [consent to the accuracy of the statements in the affidavits] will result in expulsion from the [CSC] program with the effect that inmates will serve another year before they are allowed back into the program." (*Id.* at 4.)  It is not clear from the record whether Girouard himself has been asked to make such statements.

Respondent has moved to dismiss the petition, arguing that Girouard has not exhausted his state court remedies with respect to the latest requirement of additional Phase I programming.  Respondent reports that when the DOC informed Girouard that he must obtain additional CSC credits, "Petitioner initially indicated he would participate in the CSC, but subsequently declined to participate." (Doc. 4 at 5.)  On February 1, 2010, Girouard filed a petition for writ of habeas corpus in state court, arguing that the DOC's conduct "violates the letter and intent of the Vermont Supreme Court's decision and the

subsequent decision by this court directing DOC to act in accordance with same." (Doc. 4-3 at 2.)  However, on July 19, 2010, Girouard moved to dismiss his petition.  On July 28, 2010, the superior court granted Girouard's motion and closed the case.  (Doc. 4-4 at 3.)

Girouard filed his § 2254 petition in this Court on August 16, 2010.  In opposition to Respondent's motion to dismiss, Girouard submits that "any type of further exhaustion of State remedies would be blatantly futile, serving only to protect Respondent's determination to continue to violate the Petitioner's federal rights guaranteed by the Constitution of the United States." (Doc. 10 at 2.)

## Discussion

A federal court should not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(A).  To meet this exhaustion requirement, a petitioner must have presented the state courts with "the same claim he urges upon the federal courts," as a way of giving the state court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (internal citations omitted); *see also Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003).  In order to have "fairly presented" federal claims to the state courts, a petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in his federal petition." *Daye v. Att'y Gen. of New York*, 696 F.2d 186, 191-92 (2d Cir. 1982) (*en banc*), *cert. denied*, 464 U.S. 1048 (1984).  Complete exhaustion requires a petitioner to "present the

substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

In this case, Girouard contends that he should be considered for furlough immediately, and argues that the failure to consider him for furlough under the pre-2001 statute violates his rights under the Ex Post Facto Clause.  (Doc. 1 at 8) ("Respondents['] actions denying him release as necessary to complete community based phase of institutional programs violate Article I, § 10 of the United States Constitution.").  He also claims that Respondent is acting in bad faith, and that the CSC program is a "sham."

As noted above, in 2010 Girouard filed a habeas corpus petition in state superior court.  He subsequently dismissed the petition voluntarily, and chose to instead proceed in this Court.  There is no indication in the record that he ever raised his current claims in any other form of state court proceeding.  Consequently, the Court should conclude that Girouard never fully presented his claims in state court, and certainly never reached "the highest court in the . . . state." *Aparicio*, 269 F.3d at 89-90.

Girouard asserts that any further efforts in state court "would be futile."  (Doc. 1 at 8.)  Given this assertion, and pursuant to 28 U.S.C. § 2254(b)(1)(B), the Court must consider whether "there is an absence of available State corrective process," or whether "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  The Court may deem the claim exhausted "if it is clear that the unexhausted claim

is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio*, 269 F.3d at 90.

Girouard has not demonstrated either an unavailability of state corrective process, or that state court remedies would be ineffective. In his 2010 state habeas corpus proceeding, the last entry on the state court docket prior to Girouard's motion to dismiss indicates that the case was proceeding to discovery and that Girouard might be hiring an expert. (Doc. 4-4 at 3.) Nothing on that docket suggests that process had become unavailable, or that the state court proceeding would be unable to provide effective relief.

To support his claim of futility, Girouard claims that his furlough eligibility is no longer being determined by the DOC, and has instead "been hijacked by the Office of the Attorney General." (Doc. 1 at 8.) It is not clear how the Attorney General's involvement would impact the availability of state corrective process, unless Girouard assumes that the Office of the Attorney General controls outcomes in state court. There is no evidence to support such a claim. Furthermore, Girouard's success in advancing his claim at the Vermont Supreme Court and subsequently at the Addison Superior Court runs counter to his claim of futility.

Finally, it is not clear that Girouard is procedurally barred from receiving further relief in state court. His 2010 habeas corpus filing was presumably dismissed without prejudice. If Girouard believes that Respondent's current conduct violates the state court's previous Ex Post Facto Clause ruling, his remedy lies with that court. In any event, unless and until he has exhausted his state court remedies, or can show that one of

the recognized exceptions to exhaustion applies, this Court should not hear his claims,

and his petition should be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Girouard's petition for writ of

habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254, be DENIED, and that this

case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 1st day of March, 2011.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after
service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge
and all parties, written objections which shall specifically identify those portions of the
Report and Recommendation to which objection is made and the basis for such
objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).
Failure to timely file such objections operates as a waiver of the right to appellate review
of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P.
72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).